IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-CV-767-BO-BM

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | O R D E R |
| RECOVERY INNOVATIONS, INC. d/b/a/ RI INTERNATIONAL, | ) ) ) | |
| Defendant. | ) ) | |

This cause comes before the Court on defendant's motion to partially dismiss the complaint. [DE 19]. Plaintiff responded [DE 22] and defendant replied [DE 24]. A hearing was held before the undersigned on December 4, 2025, in Raleigh, North Carolina. In this posture, the motion is ripe for disposition. For the following reasons, the motion is denied.

BACKGROUND

Defendant Recovery Innovations, Inc. (RI International) is an Arizona non-profit corporation. At all times relevant to this litigation, it operated the Dix Crisis intervention Center in Jacksonville, North Carolina. [DE 15, ¶ 5]. The Jacksonville center provides outpatient services for mental health disorders and substance abuse. Defendant hired Chiara Munna as a full-time "Peer Support Specialist" at the Jacksonville location on May 11, 2021. *Id.* at ¶ 22. That position required employees to have a "history of lived experience with mental health or addictive disorders" to be qualified for the job. *Id.* at ¶ 23. Munna has been diagnosed with post-traumatic stress disorder, bipolar disorder, and anxiety, which in part qualified her for the peer support specialist position. *Id.* at ¶¶ 19, 24.

Munna's shift supervisor allegedly made repeated sexual comments to the women under his supervision, touched them sexually, and sent at least two of them unwelcome sexual text messages and photos. *Id.* at ¶ 33, 35. The Equal Employment Opportunity Commission (EEOC) brings this suit on behalf of Munna and a class of similarly situated female RI employees, asserting claims for (1) sex harassment and hostile work environment under Title VII, (2) failure to accommodate under the Americans with Disabilities Act (ADA), (3) discriminatory discharge under the ADA, and (4) an ADA record keeping violation. The Title VII claim, Count I, is brought on behalf of both Munna and a class of similarly aggrieved women. Defendant RI moved to dismiss the claims brought on behalf of the class, but not those brought on Munna's behalf.

<u>DISCUSSION</u>

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Defendant's chief argument in support of dismissal is that the complaint fails to allege "severe and pervasive" harassment. To properly plead a Title VII harassment claim, a plaintiff must allege "sufficient facts to permit an inference that 'the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere[.]'" *Clark v. Sampson Reg'l Med. Ctr., Inc.*, 706 F. Supp. 3d 543, 552–53 (E.D.N.C. 2023) (quoting *Holloway v. Maryland*, 32 F.4th 293, 300 (4th Cir. 2022)). The complaint alleges Munna's shift supervisor engaged in unwelcome and offensive conduct "on nearly every occasion" the class members encountered him. [DE 15, ¶ 35]. In particular, he would repeatedly insist on hugging them, elicit physical contact by impeding their paths or cornering and intimidating them, make unwelcome sexual comments, and repeatedly ask them out on dates despite the class members declining and asking him to stop. He also sent sexually explicit photos of himself by text message to at least two class members.

Especially in light of the fact that the unwelcome conduct came from an authority who supervised at least some of the class members, *id.* at ¶ 31, the Court is satisfied that the alleged conduct was sufficiently severe or pervasive to alter the class members' conditions of employment. "Simply put, 'a supervisor's power and authority invests his or her harassing conduct with a particular threatening character.'" *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 278 (4th Cir. 2015) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 763 (1998)).

Defendant also argues that the complaint insufficiently describes the class, as it does not provide sufficient notice of when the harassment occurred or precisely what unwelcome conduct each class member suffered. An EEOC complaint brought on behalf of a class is not, however, "deficient for failing to identify the numerous alleged victims of discrimination." *EEOC v. PBM Graphics Inc.*, 877 F. Supp. 2d 334, 347 (M.D.N.C. 2012). And because the complaint alleges

3

class members reported the shift supervisor's conduct to the facility's program supervisor [DE 15, ¶ 36], defendant has received fair notice of the class' time frame and scope.

CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 19] the amended complaint is DENIED. As the amended complaint supersedes the original complaint, defendant's motion to dismiss [DE 10] the original complaint is DENIED as MOOT.

SO ORDERED, this 19 day of May 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4